**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTHONY C. KENNEY,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No.  3:15-CV-821-G-BH** |
| | ) | |
| **SEDGWICK CLAIMS MANAGEMENT** | ) | |
| **NATIONAL, et al.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se in forma pauperis* case has been automatically referred for judicial screening.  Based on the relevant filings and applicable law, the case should be dismissed with prejudice.

**I.  BACKGROUND**

On March 13, 2015, Anthony Kenney (Plaintiff) filed this *pro se* case against Brookshire's Foodmart, Brad Brookshire, and Sedgwick Claims Management (Defendants). (doc. 3 at 1-4.)[1]  He alleges that he is an Oklahoma resident, and that food he bought at a Brookshire's grocery store located in Red Oak, Texas, gave him food poisoning that resulted in emergency medical care and medical complications.  (*Id.* at 3-4.)  He filed an insurance claim with the third-party claims administrator for Brookshire's Foodmart, defendant Sedgwick Claims Management, but his claim was denied because "no evidence [had] been presented to substantiate [Plaintiff's] claim against Brookshire Grocery regarding food poisoning." (*Id.* at 11.)

Plaintiff has filed at least three other lawsuits regarding this alleged food poisoning, including  suits in Oklahoma state court and in the United States District Court for the Southern

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

District of Texas and for the Eastern District of Texas.  (doc. 11 at 1-2.)[2]  He is filing the current suit to "presure [sic] defendants to early settlement mediation."  (doc. 9 at 8.)  He also seeks to recover $400,000.00 for his medical expenses and as damages for pain and suffering.  (doc. 11 at 5.)

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint may also be dismissed as frivolous when a pauper "file[s] successive *in forma pauperis* suits that duplicate claims made in other pending or previous lawsuits."  *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)).  The addition of different defendants in the successive action does not change the frivolous or duplicative nature of the case, and a court may properly dismiss it. *See Bailey*, 846 F.2d at 1020-21.

## III.  DUPLICATIVE LITIGATION

Plaintiff has filed three other actions against Brookshire's Foodmart and Brad Brookshire for claims regarding the same food poisoning incident.  (doc. 11 at 1-2.)  In February 2015, he filed

---

[2] The plaintiff's verified answers to a magistrate judge's questionnaire constitute an amendment to his complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

an action with a pauper's affidavit in Oklahoma state court in *Kenney v. Brookshire*, No. CJ-2015-514 (Tulsa County, Okla., Feb. 6, 2015), and this action was dismissed without prejudice for failure to effectuate service of process.  He similarly filed *in forma pauperis* actions in the Eastern District of Texas, *Kenney v. Brookshires, et al.*, No. 6:16-CV-455 (E.D. Tex. May 24, 2016), and in the Southern District of Texas, *Kenney v. Brookshires, et al.*, No. 6:16-MC-009 (S.D. Tex. Feb. 23, 2016).  The latter case was consolidated into the Eastern District of Texas action, which is still pending.  The only difference between these three cases and the current case is the additional of Sedgwick Claims Management as a defendant.  (doc. 3 at 1.)  Because the claims are identical, Plaintiff's inclusion of an additional defendant in the action does not change the duplicative nature of this case.  *See Bailey*, 846 F.2d at 1020-21.  Accordingly, the Court should dismiss this action with prejudice under 28 U.S.C. § 1915(e)(2)(B).

## IV.  RECOMMENDATION

Plaintiff's claims should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2), but the dismissal should be without prejudice to the prosecution of his previous actions in Oklahoma state court, *Kenney v. Brookshire*, No. CJ-2015-514 (Tulsa County, Okla., May 6, 2015), and the Eastern District of Texas, *Kenney v. Brookshires, et al.*, No. 6:16-CV-455 (E.D. Tex. May 24, 2016).

**SO RECOMMENDED on this 6th day of October, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE